UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-3643** |
| **GREAT NORTHERN INSURANCE COMPANY, ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Denise Walker's Motion to Remand (Doc. #19) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

## BACKGROUND

On July 10, 2014, plaintiff, Denise Walker, a Louisiana citizen, and defendant, Jarvis Ward, another Louisiana citizen, were involved in an automobile accident. Walker filed this action in the Civil District Court for the Parish of Orleans, State of Louisiana, against Ward; his employer, Oakwood Corporate Housing Inc.; and Oakwood's insurer, Great Northern Insurance Company seeking damages related to the accident.

On August 20, 2015, Oakwood and Great Northern removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. In the Notice of Removal, Oakwood and Great Northern acknowledge that Ward and Walker are both Louisiana citizens, but state that Ward's citizenship is irrelevant for the purposes of diversity subject matter jurisdiction because he had not been served at the time of removal. Ward filed an Answer after the action was removed.

On January 19, 2016, Walker filed a motion for leave to file a motion to remand. The court granted leave, and Walker's motion to remand was filed on January 21, 2016. Walker argues that

this court lacks diversity subject matter jurisdiction because she and Ward are both Louisiana citizens. Defendants argue that the motion should be denied as untimely because it was filed more than 30 after removal.

## ANALYSIS

Pursuant to 28 U.S.C. § 1447(c), "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice or removal. However, "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993).

Section 1332 provides that this court has diversity subject matter jurisdiction over "civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. Walker and Ward are both Louisiana citizens. Diversity is the only basis for subject matter jurisdiction raised in the Notice of Removal. Therefore, this court lacks subject matter jurisdiction. The motion to remand is GRANTED, and this matter is REMANDED to Civil District Court for the Parish of Orleans, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Denise Walker's Motion to Remand (Doc. #19) is **GRANTED** and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __3rd__ day of February, 2016.

                               **MARY ANN VIAL LEMMON**
                               **UNITED STATES DISTRICT JUDGE**